

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Cameron, Texas

Dear Sir:

Opinion No. 0-1155
Re: Whether attorney employed under
Article 7335, R.C.S. by a Commis-
sioners Court to collect taxes for
a percent thereof is entitled to a
percentage upon independent school
district taxes collected by him.

We are in receipt of your letter of July 19, 1939, where-
in you request our opinion in response to the following ques-
tion:

"Should the tax collector of a county, the
Commissioners' Court of which has entered into a
contract with a second party for the purpose of
collecting delinquent taxes as provided by Art.
7335, R.S., pay to said individual the per cent
specified in said contract upon taxes of indepen-
dent school districts and incorporated towns re-
ceived and receipted for by said county tax col-
lector under the provisions of Articles 7254 and
7257, R.S. which such individual is instrumental
in collecting?"

The contract in question contains the following provision:

"First Party agrees to employ and does hereby
employ Second Party to enforce by suit or other-
wise, and to aid and assist the local officers
in the enforcement of the collection of all
delinquent State and County ad valorem taxes,
penalty and interest, and all delinquent taxes
penalty and interest (except taxes of independent
school districts and incorporated cities and towns)
due any and all political subdivisions or defined
districts of said County and State which the
County tax collector receives and receipts for,

Hon. W. A. Morrison, Page #2.

under the provisions of Articles 7254 and 7257,
R. S. 1925. ..."

The contract in question was made between the Commissioners Court of Milam County and Hon. Emory B. Camp, under authority of Articles 7335 and 7335a, Revised Civil Statutes. It will be noted that Article 7335 provides only for the making of such contracts for the collection of delinquent state and county taxes for a percent on the taxes, penalty and interest actually collected, and that no provision is made in that Article for contracts for the collection of taxes for independent school districts and incorporated towns. On the other hand, provision is made by Article 7343, Revised Civil Statutes, for the employment of attorneys to collect delinquent taxes for independent school districts and cities and towns. Under that Article it is provided that the governing body of a city or town may employ some attorney other than the county attorney to file suit for such taxes, and in the same Article it is provided that the school board of independent school districts shall attend to the employment of attorneys to collect taxes due independent school districts. Thus it appears that the Commissioners Court would not have the authority to make such a contract for the collection of delinquent taxes due cities and towns and independent school districts.

Furthermore, as shown from the quoted provision above, the taxes of independent school districts and incorporated cities and towns were specifically excepted from the contract between Milam County and Mr. Camp. Our answer to your question, therefore, must be in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:pbp    APPROVED JUL 28, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN